# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-287V
UNPUBLISHED

| | |
|---|---|
| JUDITH WALTERS,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 20, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Yuri Jelokov, Farrish Johnson Law Office, Mankato, MN,* for petitioner.

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC,* for respondent.

### **DECISION AWARDING DAMAGES**[1]

On February 22, 2019, Judith Walters filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left upper extremity injures that resulted from the administration and adverse effects of an influenza (flu) vaccination received on September 20, 2016. Petition at 1. Petitioner further alleges the vaccine was administered within the United States, she experienced the residual effects of her injuries for more than six months, and there has been no prior award or settlement of a civil action for damages as a result of her condition. *Id.* at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 20, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for Petitioner's SIRVA. On August 20, 2020, Respondent filed his Rule

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

4(c) report and proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $125,180.77. Proffer at 5. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $125,180.77 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.